(Hamilton County Common Pleas Court.)
July, Term, 1897.

STATE OF OHIO EX REL. HENRY C. BUDDENBERG v. CHARLES A. TOOKER, INSPECTOR OF BUILDINGS.

---

[Part of Sec. 8, of the city ordinance of March 22, 1897, relating to sewer tappers and plumbers held to be void.]

---

JELKE, J.

This is an action brought by the relator, Henry C. Buddenberg, to compel the Building Inspector to issue to him a permit to make certain sewer connections.

Relator is a licensed sewer-trapper, but not a licensed plumber.

A permit is refused by reason of the provisions of an ordinance passed by the Board of Legislation March 22, 1897, *vid*, Henderson's City Ordinances, 1897, p.228, * * * "The said line of sewerage may be laid by a licensed sewer-trapper to within three feet of outside foundation of building, but no connections can be made to any part of house drainage. All connections must be made by a properly licensed plumber." This ordinance was passed by virtue of an act of the General Assembly, passed April 22, 1896, entitled "An act to supplement sec. 1692, of the Revised Statutes of Ohio," 92 O. L., 408; Bates Rev. Stat., 1692f, the last clause of which is, "to provide for the appointment of an inspector or inspectors of buildings and for the licensing of house-movers, plumbers and sewer-tappers," and also of an act of the General Assembly, passed April 21, 1896, entitled "An act to promote public health and to reg-

ulate the sanitary construction of house drainage and plumbing," 92 O. L., 263-265; R. S., (Bates) 4238-6, 4238-13.

It is claimed by relator that said ordinance is invalid for the following reasons:

(1). That the act of April 21, 1896, is unconstitutional, because by its provisions it is made applicable to "*cities, towns* having five thousand inhabitants or more, and *towns* having a system of water supply or sewerage," and inasmuch as there is no municipal corporation known to the law of Ohio as a '*town*' (R. S., 1546), municipal corporations being divided into cities, villages and hamlets," this act, by its very wording, is *restricted in its application to cities;* that this is a law of a general nature, and must have uniform operation throughout the state. Article II, sec. 26, of the constitution.

(2). That the act of April 21, 1896, can not be made applicable by its terms to the city of Cincinnati, because by its provisions it can only be made applicable to municipalities having a "board of health" and "a president of the board of health;" and since, by the act of the legislature, 83 O. L., 173-174, such board is abolished in the city of Cincinnati, such act of 1896 is void for indefiniteness.

(3). That the passage of the ordinance is an unwarranted exercise of power by the Board of Legislation, and in excess of any powers conferred on it by either of the acts of the legislature above referred to.

(4). That this ordinance is in direct conflict with the provisions of Rev. Stats., 2575-111, which gives in express terms the right to licensed sewer-tappers to work prohibited to them by this part of said ordinance.

(5). That this ordinance is a denial of relator's fundamental and constitutional right of acquiring, possessing and protecting property and of pursuing and obtaining happiness and safety. U. S. Const., Art. VIII, sec. 1.

I am cited to the opinion of the Circuit Court of Cuyahoga county, in the case of State ex rel. Black v. Wright, Director of Public Works; Caldwell, Hale and Marvin, Judges; opinion by Caldwell, J. There the court holds the act of the legislature of April 21st, 1896, invalid for indefiniteness as to the city of Cleveland, because under the "federal plan" of municipal government now obtaining in that city, the board of health has been entirely abolished and all its powers and duties conferred upon the director of police. 88 O. L., p. 114, Sec. 46, passed March 16th, 1891.

I am not satisfied that this authority is directly in point as to the operation of this law in the city of Cincinnati, because in our city, although the board of health was abolished, the board of administration was substituted in its place

with all its powers and duties; it is similarly constituted and its president became a member of the plumbers' examining board in accordance with the provisions of the act.

The Common Pleas Court and Circuit Court of Franklin county, have also had this act of the legislature before them.

The cases have not been reported, but so far as I can learn they do not seem to have passed directly and squarely upon its constitutionality.

It is the duty of a *nisi prius* court to presume acts of the legislature valid and so hold them, unless the question of the constitutionality is necessarily involved in a decision of the case and such acts are manifestly unconstitutional.

Having come to a conclusion in this case on other grounds, and a determination of the constitutionality of either of the acts of April 21, 1896, 92 O. L., 263-265, or of April 22, 1896, 92 O. L., 408, not being necessary to my decision of this case, I express no opinion in regard to the same.

Coming to the third and fourth grounds relied on by relator, taking 92 O. L., 263-265, and 92 O. L., 408, and construing them, together with Rev. Stats., 2575-111, the last clause of which provides as follows: "These catch-basin water-closets may be constructed, and the connections to sewer and house drainage may be laid by any sewer-tapper licensed by the 'board of public affairs' " (board of administration), I am of opinion that in passing this part of sec. 8 of this ordinance the board of legislation execeeded any powers the General Assembly intended to confer upon it for the purpose of regulating this business by municipal legislation.

The power of a municipal corporation is strictly limited. It has that which is expressly granted or clearly implied, and no other; and doubtful claims to power are resolved against it. Bloom v. Xenia, 32 Ohio St., 465; Ravenna v. Penna. Company, 45 Ohio St., 121.

The fifth point presented by relator presents the larger question, whether such legislation as contained in this section of the ordinance could be passed by the legislature itself in the exercise of its broad police power.

It would be useless to discuss this point at this time, because having come to the conclusion above, a decision on this point is not necessary.

I desire to confine my decision in this case to that which is necessary to it, hence I hold the following part of sec. 8 of the ordinance of March 22d, 1897, Henderson, p. 228, "the said line of sewerage may be laid by a licensed sewer-tapper to within three feet of outside foundation of building, but no connections can be made to any part of house drainage; all connections must be made by properly licensed plumber," to be invalid and void.

A peremptory writ of mandamus may therefore issue.

Theodore Horstman, for the State.
Joseph L. Adler, contra.